One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................  .35

THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

# SYLLABI
## Cases Decided by Supreme Court

### No. 219

No. 20078—The C. A. King & Co. v. D. O. Horton.  Error to the Court of Appeals of Williams county.

941.  PRACTICE & PROCEDURE — 1. Where counsel omit to develop facts tending to show contract, upon which action is based, is unlawful, duty of judge to further examine witness, and submit the issues thus made to jury.

2.  Willingness and consent of both parties to suit to submit cause without reference to elements which make the contract illegal, does not warrant court in sustaining the contract.

928.  POLICE POWER—Police power of the state is not surrendered to the federal government and it is within the power to devise means to its ends, so long as they are not excessive and have real and substantial relation to the object to be accomplished.

184.  BUCKET SHOP ACT—1.  Ohio bucket shop act, 13069-13080 GC., is designed to guard the public morals and has proper relation to the police power.

2.  The Ohio bucket shop act, which prohibits wagering contracts within the state, is not repugnant to the federal act designed to regulate boards of trade, where members deal in grain futures in interstate commerce.

3.  An executory contract made in this State between Ohio persons, who do not intend to complete by delivery of the whole, but to resell and pay or receive the difference between the contract and market prices is not a transaction in interstate commerce.

MARSHALL, C. J.

1.  Where counsel in the introduction of evidence during the trial of a cause before the jury omit to develop facts tending to show that the contract between the parties which is the basis of the cause of action is unlawful and void, it becomes the duty of the presiding judge to further examine witnesses and develop the facts and to submit the issues thus made to the jury under proper instructions as to the law applicable thereto.

2.  In such case the willingness and consent of both parties to the suit to submit the cause without reference to those elements which render their transaction illegal and void does not warrant the court in sustaining such contract.

3.  The police power is the power to guard the public morals, safety and health and to promote the public convenience and the common good and is one of the powers not surrendered to the federal government and therefore remains with the states respectively.  It is within the power of the state to devise the means to be employed to those ends so long as they do not go beyond the necessities of the case and have a real and substantial relation to the object to be accomplished.

4.  The Ohio bucket shop act, sections 13069 to 13080, inclusive, General Code, is enacted under the police power, is designed to guard the public morals and has a real and substantial relation to the object to be accomplished.

5.  The Ohio bucket shop act is not repugnant to the provisions of the federal grain futures act of September 21, 1922.  The federal act is designed to regulate boards of trade where their members deal in grain futures in interstate commerce.  The Ohio statute prohibits wagering contracts between persons and firms within the state of Ohio.

6.  An executory contract made in the state of Ohio between persons in the state of Ohio, which the party paying or to pay does not intend to complete by receiving or delivering the whole of that which is so contracted for, but to resell before the time fixed by contract for such delivery or at such time to pay or receive the difference between the contract price and the market price, is not a transaction in interstate commerce.

Judgment affirmed.

Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.  Jones, J., dissents.